IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES BROADHEAD, AIS #224802,  :

    Plaintiff,  :

vs.  :  CIVIL ACTION 11-0320-CG-M

VIVIAN LANGFORD,  :

    Defendant.  :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> unless the prisoner is under imminent
> danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff has at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, Broadhead v. Hopkins, et al., CA 10-0439-LSC-RRA (N.D. Ala. June 18, 2010); Broadhead v. McConuco, et al., CA 09-0384-CB-N (S.D. Ala. May 21, 2010); Broadhead v. Kirrie, et al., CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010); and Broadhead v. O'Brian, et al., CA 10-0475-JHH-RRA (N.D. Ala. June 22, 2010). Thus, Plaintiff has the dismissals that qualify the present Complaint for treatment under § 1915(g).

In order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g), which requires that at the time of the Complaint's filing, he must show that he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time); Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent

danger, as opposed to a past danger, to proceed under section 1915(g)"); see Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001).  Thus, in order satisfy the exception to § 1915(g), Plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"  Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (quotation and quotation marks omitted) (unpublished) (Granade, C.J.).[1]  Plaintiff has not done this.

In reviewing the Complaint's allegations (Doc. 1), the Court does not discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.  The Court received Plaintiff's Complaint on June 16, 2011.  Whereas, he alleges that on May 28, 2011, he was beaten with security sticks by four officers at Holman Correctional Facility.  (Id. at 2, 5).  He alleges that as a

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

3

result of the beating, he was taken to a free-world hospital where he learned that his arm was broken in three places, three or four teeth were missing, there was fracture in his foot and ankle area, and he needed staples in his head. (Id. at 2, 5). Plaintiff also claims that he was repeatedly kicked in the testicles and was told that he would not be able "to rape another old lady." (Id. at 3). He requests an emergency transfer from Kilby Correctional Center in the Middle District, even though he began this action complaining about an assault at Holman Correctional Facility in the Southern District. (Id. at 5). For relief, Plaintiff seeks damages.[2][3] (Id. at 4).

---

[2] The assault and injuries of which Plaintiff complains in this action can be found in many of his other actions in nearly identical terms. In Broadhead v. Kirrie, et al., CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010), the magistrate judge recommended dismissal of the action because "[a]lthough on its face the plaintiff's complaint would appear to state a cognizable claim of excessive force that could survive the initial screening process, a review of other recent actions filed by the plaintiff indicates that his allegations are fanciful and therefore frivolous." Doc. 10 at 2. The court went on to observe that the claim and injuries are nearly identical to those in numerous other cases brought by the plaintiff and proceeded to list them, namely, Northern District case numbers: 10-439, 10-806, 10-1028, 10-1141, 10-1142, 10-53, 10-54, 10-113, 10-350, 10-388, 10-751, 09-2473, 09-2473, 09-2512, and 09-2606, and Southern District case numbers: 10-241, 10-12, and 10-129. Id. at n.3. The court found that the assault and injuries remained the same in these actions, but the defendants, date of assault, location, and number of blows that were inflicted changed. Id. at n.4 & 3.

This Court has verified that the claim and injuries in the actions listed by the Northern District court are nearly
(Continued)

Considering all of Plaintiff's allegations, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time of filing. The assault occurred in the past and Plaintiff does not plead specific facts to show a real and imminent danger of serious physical injury at the time of filing. Accordingly, Plaintiff has failed to show that he is under "imminent danger of serious physical injury" when he filed the present action.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00

---

identical to Plaintiff's allegations in the present action. The Court is not compelled to review the remainder from Plaintiff's fifty-one cases listed in Public Access to Court Electronic Records ("PACER") because this sampling of Plaintiff's cases reinforces the conclusion that the present Complaint does not demonstrate that Plaintiff is under imminent danger of serious physical injury.

[3] However, this Court did review some of the actions that Plaintiff filed in this Court. Plaintiff, as of this date, has filed nineteen actions during 2010 and 2011. Except for one action, which is void of allegations that could constitute a claim, namely, 10-0678-CB-M, his remaining eighteen actions contain an excessive force claim for an assault with injuries that are nearly identical to the excessive force claim found in his other actions. Furthermore, in many of the remaining eighteen actions filed in this Court, a claim for being kicked in the testicles was added to his standard excessive force claim; this additional claim is nearly identical in all the actions. See 10-0384-CB-N, 10-0012-WS-C, 10-0129-KD-B, 10-0241-CG-C, 10-0278-KD-M, 10-0506-WS-M, 10-0618-CG-C, 10-0323-CB-B, 10-0386-CG-C, 10-0398-CB-C, 10-0416-KD-N, 10-0542-WS-C, 10-0662-KD-B, 11-0107-WS-C, 11-0167-CG-B, 11-0320-CG-M, 11-0321-KD-M, and 11-0456-CG-B.

filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he <u>initiates</u> the suit"); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), <u>cert. denied</u>, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. <u>Objection</u>. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation
> entered by a magistrate judge in a
> dispositive matter, that is, a matter
> excepted by 28 U.S.C. § 636(b)(1)(A), by

> filing a "Statement of Objection to
> Magistrate Judge's Recommendation"
> within ten days[4] after being served with
> a copy of the recommendation, unless a
> different time is established by order.
> The statement of objection shall
> specify those portions of the
> recommendation to which objection is
> made and the basis for the objection.
> The objecting party shall submit to the
> district judge, at the time of filing
> the objection, a brief setting forth
> the party's arguments that the
> magistrate judge's recommendation should
> be reviewed <u>de novo</u> and a different
> disposition made. It is insufficient
> to submit only a copy of the original
> brief submitted to the magistrate
> judge, although a copy of the original
> brief may be submitted or referred to
> and incorporated into the brief in
> support of the objection. Failure to
> submit a brief in support of the
> objection may be deemed an abandonment
> of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United

---

[4]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

States will pay the cost of the transcript.

DONE this 23rd day of August, 2011.

s/ Bert W. Milling, Jr.
BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
